# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OLYMPUS IMAGING AMERICA INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-13091 |
| F&E TRADING, LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Olympus Imaging America Inc. ("Olympus"), as and for its Complaint against defendant F&E Trading, LLC (hereinafter, "Defendant" or "F&E"), upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for trademark infringement, improper importation, unfair and deceptive business practices pursuant to G.L. c. 93A, and tortious interference. As described more fully below, Defendant is improperly using Olympus' trademarks without authorization. Further, Defendant knowingly advertises, sells, offers to sell, distributes, and imports into the United States, cameras intended for use and resale in Asia. Given the differences between cameras intended for use and resale in the United States versus those for use and resale in Asia, Defendant's sale of imported cameras intended for the Asian market within the United States irreparably harms Olympus and will continue to irreparably harm Olympus, unless such conduct is enjoined.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively. In addition, supplemental jurisdiction over related State law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

3. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to the Massachusetts long-arm statute, because Defendant has sold numerous products into Massachusetts; Defendant has caused tortious injury to Olympus' trademarks within the Commonwealth; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; because the Defendant regularly does or solicits business within the Commonwealth; and because the Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale of cameras to Internet users within the Commonwealth. Similarly, because some of the Defendant's wrongful acts involved the offering for sale and sale of products that infringe upon Olympus' trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff Olympus Imaging America Inc. is a Delaware corporation with a principle address of 3500 Corporate Parkway, Center Valley, Pennsylvania. Olympus markets, sells and distributes a variety of high-quality products designed and manufactured by

its Japanese parent company, Olympus Corporation, including cameras that are the subject of this Complaint.

5.     Upon information and belief, Defendant F&E Trading, LLC is a New York business with a principal location of 245 Belmont Drive in Somerset, New Jersey 08873.  F&E is wholesaler and retailer of consumer electronics, including cameras, doing business primarily online through the domain name fetrading.com (the "Website"), and internet marketplaces, including, but not limited to, the websites ebay.com and amazon.com.

## BACKGROUND

6.     Olympus brands its cameras through a variety of trademarks registered at the United States Patent and Trademark Office ("USPTO").  Olympus oversees and manages the numerous registered trademarks and servicemarks of Olympus Corporation, including, but not limited to, the following (hereinafter the "Olympus Marks"):

| Reg. Number | Reg. Date | Mark | Description |
|---|---|---|---|
| 3225365 | April 3, 2007 | OLYMPUS | Photographic cameras, digital cameras, etc. |
| 3726228 | December 15, 2009 | OLYMPUS | Cameras, digital cameras, memory cards, batteries and electrical cells, etc. |
| 3641061 | June 16, 2009 | OLYMPUS fe | Cameras, digital cameras, batteries and electrical cells, etc. |
| 3901330 | January 4, 2011 | OLYMPUS PEN | Cameras, digital cameras, and parts and accessories therefor, etc. |

| | | | |
|---|---|---|---|
| 4239216 | November 6, 2012 | OLYMPUS OM-D | Digital cameras, water proof protectors for cameras being cases and covers, etc. |
| 4239217 | November 6, 2012 | OM-D | Digital cameras, water proof protectors for cameras being cases and covers, etc. |

7. Said registrations identified above are well recognizable and are in full force and effect.

8. Olympus advertises, distributes and sells cameras to consumers under the Olympus Marks.

9. Olympus engages in extensive advertising of its cameras as a means of promoting its products and establishing goodwill in their brand names. Through advertising and other promotional efforts, Olympus has ensured that the Olympus Marks have become well recognizable in the camera marketplace.

10. Defendant is not, and never has been, authorized to use the Olympus Marks.

**DEFENDANT'S MISCONDUCT**

11. Despite having no authority to do so, Defendant continues to use Olympus Marks on the Website.

12. Further, Defendant is importing from Asia into the United States cameras bearing the Olympus Marks intended for the Asian market.

13. After importing Asian products bearing Olympus Marks, Defendant is distributing and selling the imported Asian products to United States consumers as genuine Olympus products through traditional print advertising, its domain name fetrading.com, and marketplaces, including, but not limited to, the websites ebay.com and amazon.com under the

4

usernames, including, but not limited to, Big Value Inc., Davis Max, Electronics Basket, NetSales, and 6th Ave.

14. Products bearing the Olympus Marks emanating from Asia are not genuine Olympus products and are not intended for distribution and resale in the United States.

15. Language differences alone create material differences between products bearing the Olympus Marks emanating from Asia and genuine Olympus products properly distributed and sold in the United States.

16. Language differences in and on the product, as well as on the packaging and warranty information cards, create material differences between products bearing the Olympus Marks emanating from Asia and genuine Olympus products properly distributed and sold in the United States.

17. UPC Coding differences on the products create material differences between products bearing the Olympus Marks emanating from Asia and genuine Olympus products properly distributed and sold in the United States.

18. Battery certification differences create material differences between products bearing the Olympus Marks emanating from Asia and genuine Olympus products properly distributed and sold in the United States.

19. Product packaging differences create material differences between products bearing the Olympus Marks emanating from Asia and genuine Olympus products properly distributed and sold in the United States.

20. Between April and June 2014, **CONSUMERS** have purchased numerous cameras from F&E.[1]

---

[1] **CONSUMERS** is a fictitious name. The actual name of the individual and company has been withheld until a

5

21. These purchases were shipped by F&E into the Commonwealth of Massachusetts to the **CONSUMERS**.

22. Upon inspection of the products received from F&E, it was determined that (1) the products bore the Olympus Marks, and (2) the products were intended for resale in Asia.

23. The products distributed and sold by F&E have been illegally imported from Asia into the United States by F&E and then distributed and sold consumers in the United States, including, but not limited to, consumers in the Commonwealth of Massachusetts.

24. Upon information and belief, all products bearing the Olympus Marks sold and distributed by F&E are illegally imported cameras from Asia.

25. Cameras imported from Asia bearing the Olympus Marks are not genuine Olympus products and are materially different from Olympus products sold in the United States.

26. The sale of illegally imported, non-genuine, Asian cameras bearing the Olympus Marks results in actual and irreparable harm to Olympus and to the consuming public.

**SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT**

27. Defendant's unauthorized use of the Olympus Marks on the Website creates an appearance to consumers that Defendant is an authorized seller.

28. Defendant's actions deprive Olympus of the opportunity to earn profits from the sale of legitimate Olympus products to consumers.

29. Defendant's actions substantially harm Olympus by placing non-genuine and illegally imported Asian cameras into the stream of commerce in the United States.

---

proper protective order has been entered in this case to ensure that no negative impact on the **CONSUMERS** or their businesses resulting from this lawsuit.

30.   Defendant's actions substantially harm Olympus and consumers who ultimately purchase the Defendant's non-genuine, unlawfully imported Asian cameras.

31.   Defendant's conduct has also resulted in customer confusion as well as the dilution of Olympus' goodwill and trade name.  Consumers are not receiving the products they believe they are purchasing.

## COUNT I
## VIOLATION OF OLYMPUS' COMMON LAW AND FEDERAL TRADEMARK RIGHTS

32.   Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33.   Through use of the Olympus Marks within the Commonwealth and throughout the United States, the Olympus Marks have developed a tremendous amount of goodwill in the minds of the consuming public.  As a result of this widespread and continuous use, the Olympus Marks have become widely associated with Olympus, identify Olympus as the source of its goods and services sold, and represent the valuable goodwill of Olympus among members of the consuming marketplace.  The goodwill associated with the Olympus Marks is a valuable asset that provides Olympus the long term ability to compete in the camera marketplace.

34.   Olympus engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with its Olympus Marks, throughout the United States.

35.   Defendant, without permission, uses one or more of the Olympus Marks on the Website.

36. The use of the Olympus Marks on the Website creates confusion and causes consumers to believe that Defendant is an authorized dealer or otherwise affiliated with Olympus. Further, consumers are not receiving the product they believe they are purchasing.

37. By illegally importing non-genuine cameras bearing the Olympus Marks from Asia, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Olympus and its goods and services in violation of 15 U.S.C. § 1125(a).

38. By illegally importing non-genuine cameras bearing the Olympus Marks from Asia, using the Olympus Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Olympus' consent, Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Olympus and its goods and services in violation of 15 U.S.C. § 1125(a).

39. By illegally importing non-genuine cameras bearing the Olympus Marks from Asia, using the Olympus Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Olympus' consent, Defendant has knowingly and intentionally infringed upon the Olympus Marks. Accordingly, Olympus is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

40. Olympus has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, Olympus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be

calculated or compensated by money damages. Accordingly, Olympus is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## IMPORTATION OF GOODS BEARING INFRINGING MARKS

41. Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. By illegally importing from Asia, non-genuine cameras bearing the Olympus Marks or marks confusingly similar to the Olympus Marks with the intent of inducing the public into believing that the products are intended for resale in the United States, Defendant has violated 15 U.S.C §1125(a).

43. By illegally importing non-genuine cameras bearing the Olympus Marks from Asia, using the Olympus Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Olympus' consent, Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Olympus and its goods and services in violation of 15 U.S.C. § 1125(a).

44. Olympus has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Olympus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Olympus is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## VIOLATION OF G.L. c. 93A

45. Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Olympus and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

47. Upon information and belief, Defendant's unfair and deceptive practices in the conduct of trade have been committed in substantial part in the Commonwealth of Massachusetts and have been performed willfully by Defendant with the intent to cause injury to Olympus.

48. Defendant's continued use of Olympus Marks on the Website in connection with their advertising and sale of products constitutes an unfair and deceptive business practice

49. Defendant's continued importation and sale of Olympus cameras into Massachusetts where the products are not intended for resale constitutes an unfair and deceptive business practice.

50. By reason of the foregoing, Olympus has been, and will continue to be irreparably harmed and damaged by Defendant's conduct unless such conduct is enjoined by this Court.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT /
## ADVANTAGEOUS ECONOMIC RELATIONSHIP

51. Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. Olympus sent Defendant a letter informing Defendant of Olympus' network of authorized dealers and that authorized dealers are prohibited from selling Olympus products to unauthorized dealers.

53. Defendant is aware that Olympus has an agreement with its authorized dealers which prohibits them from selling Olympus products to unauthorized dealers.

54. Defendant is aware of Olympus' network of authorized dealers and that authorized dealers are prohibited from selling Olympus products to unauthorized dealers.

55. Defendant is interfering with these agreements by inducing Authorized Olympus Dealers to breach their agreement with Olympus by selling Olympus products to Defendant.

56. As Defendant has been on notice of Olympus' contracts, Defendant's actions are willful and designed to be an improper means of competition.

57. As Defendant has been on notice of Olympus' contracts, Defendant's actions are willful and designed to tortiously interfere with Olympus' contracts with its network of authorized dealers.

58. By reason of the foregoing, Olympus has been, and will continue to be irreparably harmed and damaged by Defendant's interfering conduct, unless such conduct is enjoined by this Court.

59. By reason of the foregoing interference, Olympus has incurred actual damages and Defendant has been unjustly enriched.

**RELIEF REQUESTED**

WHEREFORE, Olympus prays for judgment in its favor and against the Defendant providing the following relief:

A. Enter judgment in favor of Olympus on the counts asserted herein and award damages on each of the counts;

B. Award Olympus multiple damages in bringing this action under G.L. c. 93A and the Lanham Act;

C. Award Olympus its reasonable attorneys' fees in bringing this action under G.L. c. 93A and the Lanham Act;

D. Award Olympus its costs incurred in bringing this action;

E. Award Olympus prejudgment and post-judgment interest in the maximum amount allowed under the law;

F. Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant (or its agents) from infringing on the Olympus Marks and enjoin Defendant from advertising, marketing and/or selling any products bearing the Olympus Marks.

G. Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant (or its agents) from importing Olympus products from Asia and reselling them in the United States as genuine Olympus products; and

H. All other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Olympus hereby requests trial by jury on all claims so triable.

        Respectfully submitted,
        Plaintiff,
        Olympus Imaging America Inc.,
        by its attorneys,


*/s/ Michael R. Murphy*
Christopher S. Finnerty (BBO # 657320)
chris.finnerty@nelsonmullins.com
Michael R. Murphy (BBO # 671816)
michael.murphy@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Sq., 30th Floor
Boston, MA 02109
p.  (617) 573-4700
f.  (617) 573-4710

Dated: July 23, 2014